FILED
U.S. DISTRICT COURT
WESTERN DISTRICT OF KY

05 NOV 30  AM 11:02

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                              CRIMINAL ACTION NO. 4:05CR-22-M

STEPHEN GREGORY WISE                                                  DEFENDANT

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION**

The Defendant tenders the attached jury instructions for the Court's use at the conclusion of Defendant's trial:

SUPPLEMENTAL INSTRUCTION NO. 1

SIMPLE POSSESSION OF A CONTROLLED SUBSTANCE

21 U.S.C. § 844

Count 2 of the Indictment charges the defendant, Steven Gregory Wise, with aiding and abetting each other in the knowing and intentional possession with intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1). If you find that the United States has failed to prove that Steven Gregory Wise committed that offense you are to consider whether you believe that Steven Gregory Wise committed the crime of possession of cocaine base:

21 U.S.C. § 844 provides in pertinent part:

"[I]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner acting in the course of his professional practice

This statute makes it a federal crime or offense for anyone to possess a "controlled substance" and you are instructed as a matter of law, that cocaine base is a "controlled substance" within the meaning of the law.

A defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the defendant possessed controlled substance as charged;

Second:      That the substance was cocaine base;

Third:       That the defendant did so knowingly and intentionally; and .

Fourth:      The controlled substance was not obtained directly, or pursuant to a valid prescription or order, from a practitioner acting in the course of his professional practice

The evidence in the case need not prove the actual amount of the controlled substance. However, the government must prove, beyond a reasonable doubt, that a measurable amount of cocaine base was the subject of the acts charged in Count 2 of the Indictment.

## 5.11 MERE PRESENCE / ASSOCIATION / ACTIVITY

(a)

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.

[A defendant's association with conspirators [or persons involved in a criminal enterprise] is not by itself sufficient to prove his/her participation or membership in a conspiracy [criminal enterprise].]

(b)

If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

**Committee Comment**

As a general rule, (a) and (b) are alternative instructions. The bracketed paragraph in (a) may be used as additional or substitute language in cases involving charges of conspiracy, RICO or CCE.

It is the Committee's position that the presence instruction should be used in a limited fashion. If there is no evidence other than mere presence at the scene of the crime, then presumably a motion for a directed verdict or judgment of acquittal would be granted by the trial judge. However, there may be some cases where a defendant is present and takes some action which is the subject of conflicting testimony. In those situations the Committee believes that a presence instruction might be appropriate.

The instruction (a) restates traditional law. See United States v. Valenzuela, 596 F.2d 824, 830-31 (9th Cir.), cert. denied, 441 U.S. 965 (1979), United States v. Garguilo, 310 F.2d 249, 253 (2d Cir. 1962), United States v. Moya-Gomez, 860 F.2d 706, 759 (7th Cir. 1988), cert. denied, 492 U.S. 908 (1989), United States v. Jones, 950 F.2d 1309, 1313 (7th Cir. 1991), cert. denied, 503 U.S. 996 (1992). It omits the word "mere," commonly used to modify "presence." The omission is due to the Committee's belief that "mere" is unnecessary and, in some situations, misleading or argumentative.

The instruction (a) is most often given in conspiracy (United States v. Quintana, 508 F.2d 867, 880 (7th Cir. 1975), United States v. Williams, 798 F.2d 1024, 1028-29 (7th Cir. 1986), United States v. Atterson, 926 F.2d 649, 655-56 (7th Cir.), cert. denied, 501 U.S. 1259 (1991)) and aiding and abetting cases, Nye & Nissen v. United States, 336 U.S. 613, 619 (1949), United States v. Townsend, 924 F.2d 1385, 1393-94 (7th Cir. 1991), United States v. Boykins, 9 F.3d 1278, 1287-88 (7th Cir. 1993)).

75

Instruction (a) reflects the notion that "mere association with conspirators or those involved in a criminal enterprise is insufficient to prove defendant's participation or membership in a conspiracy." United States v. Garcia, 562 F.2d 411, 414 (7th Cir. 1977), United States v. Moya-Gomez, 860 F.2d 706, 759 (7th Cir. 1988), cert. denied, 492 U.S. 908 (1989) ("'presence or a single act will suffice if the circumstances permit the inference that the presence or act was intended to advance the ends of the conspiracy.'" quoting United States v. Mancillas, 580 F.2d 1301, 1308 (7th Cir.), cert. denied, 439 U.S. 958 (1978)), United States v. Paiz, 905 F.2d 1014, 1020-21 (7th Cir. 1990), cert. denied, 499 U.S. 924 (1991) (reaffirms that "mere association" is not enough).

The instruction (a) may also be given where a defendant charged with a substantive crime such as assault, alleges that although he was present at the scene of the crime, he did not do it.

Instruction (b) has been given by judges in this district for many years. It stems from cases such as Dennis v. United States, 302 F.2d 5, 12-13 (10th Cir. 1962); United States v. Benz, 740 F.2d 903, 910-11 (11th Cir. 1984). More recent appellate support may be found in United States v. Windom, 19 F.3d 1190 (7th Cir. 1994).

Instruction (a) or Instruction (b) may be given where a defendant charged with a substantive crime such as assault or possession of narcotics, alleges that although he/she was present at the scene of the crime, he/she did not do it.

76

Counsel for the defendant may supplement these instructions to address issues that might arise at trial.

Respectfully submitted,

James A. Earhart
517 West Ormsby Avenue
Louisville, Kentucky 40203
(502) 587-0599

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this 23rd day of November, 2005, to counsel for the defendants.

Randy Ream
Assistant United States Attorney
510 West Broadway, 10th Floor
Louisville, Kentucky 40202

James A. Earhart

-4-