**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO.   4:05-CR-22-M**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**FILED**
Jeffrey A. Apperson, Clerk

DEC 0 1 2005

**VS.**

U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY.

**STEPHEN GREGORY WISE**                                    **DEFENDANT**

## JURY INSTRUCTIONS

**********************************

These instructions will be in three parts: first, general rules that define and control

your duties as jurors; second, the rules of law that you must apply in deciding whether the

Government has proven its case; and third, some rules for your deliberations.  A copy of

these instructions will be available for you in the jury room.

### I.  GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case.  You must apply the

law to those facts.  You must follow the law I give to you whether you agree with it or not.

And you must not be influenced by any personal likes or dislikes, opinions, prejudices or

sympathy.  That means that you must decide the case solely on the evidence before you and

according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and

ignore others; they are all equally important.  And you must not read into these instructions,

or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

2

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

3

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that

4

they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the

case.

## SEPARATE CONSIDERATION OF CHARGES

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## GUILT OF OTHERS

The defendant is on trial only for the particular crimes charged in the indictment and not for any other crimes. Your job is limited to deciding whether the government has proven the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this conduct is not a proper matter for you to consider. The guilt or possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven the defendant guilty. Do not let the guilt or possible guilt of others influence your decision in any way.

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that he

did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crimes that the Defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1 -- Conspiracy to Commit the Crime of Possession with Intent to Distribute Cocaine Base

Count 1 of the Indictment charges that, on or about and between January 5, 2005 and April 15, 2005, in the Western District of Kentucky, the Defendant, Stephen Gregory Wise, conspired with others to commit the crime of possession with intent to distribute cocaine base (commonly referred to as "crack cocaine") in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> **First,** that two or more persons conspired, or agreed, to commit the crime of possession with intent to distribute cocaine base as described in Instruction No. 2; and

> **Second,** that the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved each of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

### Agreement

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the

8

crime of possession with intent to distribute cocaine base.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proven an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of possession with intent to distribute cocaine base. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proven that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy,

9

or everyone else involved, or that he was a member of it from the very beginning, nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor, is there any requirement that the name of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not

10

known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## Buyer - Seller Relationship

The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell cocaine base. The fact that a defendant may have bought some cocaine base from another person or sold cocaine base to another person is not sufficient without more to establish the defendant was a member of the charged conspiracy.

In considering whether a conspiracy or a simple buyer-seller relationship existed, you should consider all of the evidence, including the following factors:

1.    Whether the transaction involved large quantities of cocaine base

2.    Whether the parties had a standardized way of doing business over time

3.    Whether the sales were on credit or on consignment

4.    Whether the parties had a continuing relationship

5.    Whether the seller had a financial stake in the resale by the buyer

6.    Whether the parties had an understanding that the cocaine base would be resold.

No single factor necessarily indicates by itself that a defendant was or was not engaged in the simple buyer-seller relationship.

## INSTRUCTION NO. 2

## Counts 2 and 3 – Possession with Intent to Distribute Cocaine Base or Distribution of Cocaine Base

Counts 2 and 3 of the Indictment charge the Defendant, Stephen Gregory Wise, with possession with intent to distribute and distribution of cocaine base (commonly referred to as "crack cocaine"), a Schedule II controlled substance, on or about January 5, 2005 (Count 2) and January 19, 2005 (Count 3).  Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance or to distribute a controlled substance.

For you to find the defendant guilty of this crime, you must be convinced beyond a reasonable doubt:

**(1)** That the defendant knowingly and intentionally possessed cocaine base with the specific intent to distribute it

**OR**

**(2)** That the defendant knowingly and intentionally distributed cocaine base.

To "possess with the intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved either element, say so by returning a guilty verdict on the charge.  If you have a reasonable doubt, then you must find the defendant not guilty of the charge.

12

## INSTRUCTION NO. 3

### Possession – Defined

The government does not necessarily have to prove that the Defendant physically possessed the cocaine base for you to find him guilty of these crimes. The law recognizes two kinds of possession -- actual possession and constructive possession. Either of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the Defendant had direct, physical control over the cocaine base, and knew that he had control of it.

To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over the cocaine base, and knew he had this right, and that he intended to exercise physical control over the cocaine base at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the Defendant had actual or constructive possession of the cocaine base, and knew that he did, for you to find that he possessed it.

One more thing about possession. The government does not have to prove that the Defendant was the only one who had possession of the cocaine base. Two or more people

13

can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the Defendant had either actual or constructive possession of the cocaine base, and knew that he did, for you to find him guilty of this crime.

## INSTRUCTION NO. 4

### Aiding and Abetting

For you to find the Defendant, Stephen Gregory Wise, guilty of the crime of possessing with intent to distribute cocaine base or distribution of cocaine base as charged in Counts 2 and 3 of the Indictment, it is not necessary for you to find that he personally committed the crime. Instead, you may also find the defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an "aider and abettor."

But for you to find Stephen Gregory Wise guilty of either Count 2 or Count 3, as an aider and abettor, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

**First**, that the crime was committed;

**Second**, that the defendant helped to commit the crime or encouraged someone else to commit the crime; and

**Third**, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or

15

encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of either Count 2 or Count 3 as an aider and abettor.

## INSTRUCTION NO. 5

### Additional Finding

If you find the defendant guilty of any of the charges, you will then be asked to determine the quantity of the cocaine base involved in the offense. You will be asked in a special verdict form to indicate if you believe, beyond a reasonable doubt, that the offense involved a quantity of at least five grams or more of a mixture or substance containing cocaine base.

## INSTRUCTION NO. 6

### Entrapment

One of the questions in this case is whether the defendant was entrapped. Entrapment has two related elements. One is that the Defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the Defendant to commit it.

If the Defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the Defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

The government has the burden of proving beyond a reasonable doubt that the

Defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

(A) Ask yourself what the evidence shows about the Defendant's character and reputation.

(B) Ask yourself if the idea for committing the crime originated with or came from the government.

(C) Ask yourself if the Defendant took part in the crime for profit.

(D) Ask yourself if the Defendant took part in any similar criminal activity with anyone else before or afterwards.

(E) Ask yourself if the Defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

(F) And ask yourself what kind of persuasion and how much persuasion the government used.

Consider all the evidence, and decide if the government has proved that the Defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

## INSTRUCTION NO. 7

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

The word "intentionally," as that term has been used from time to time in these instructions means that the acts were done deliberately and purposefully. In other words, the Defendant's acts, if any, must have been the product of his conscious objective and plan, rather than the product of a mistake, accident, or misunderstanding.

# INSTRUCTION NO. 8

## Testimony of Witness Under Grant of Immunity or Reduced Criminal Liability

You have heard the testimony of Michael Tanaka and Terry McGuire. You have also heard that the government has promised them that they will face reduced criminal liability in exchange for the information provided to the government, their cooperation in the investigation, and testimony against the other defendants.

It is permissible for the government to make such a promise. But you should consider such testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the government's promise.

Furthermore, you have also heard that Michael Tanaka and Terry McGuire were involved in the same crime that the defendant is charged with committing. You should consider the testimony of an accomplice with more caution than the testimony of other witnesses.

Do not convict the Defendant based on the unsupported testimony of such a witness standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 9

### Testimony of an Informant

You have heard the testimony of Sara Evans.  You have also heard that her father-in-law will face reduced criminal liability in another case from the government in exchange for Sara Evans providing information to the government.

The use of informants is common and permissible.  But you should consider her testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by what the government gave her.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

## INSTRUCTION NO. 10

### Impeachment of Witness by Prior Conviction

You have heard the testimony of Terry McGuire. You have also heard that before this trial he was convicted of a crime. This earlier conviction was brought to our attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

23

## INSTRUCTION NO. 11

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.

**INSTRUCTION NO. 12**

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks

at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until

after you have reached a unanimous verdict or have been discharged.